IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN FACHINI ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| vs. ) | |
| FREDERICK J. HANNA & ) | CIVIL COMPLAINT |
| ASSOCIATES ) | |
| ) | |
| GC SERVICES, LP ) | JURY TRIAL DEMANDED |
| ) | |
| FIA CARD SERVCES, N.A. ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Robin Fachini., by and through her undersigned counsel, Michael E. Swain, Esquire, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Robin Fachini (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this District is proper in that the Plaintiff resides in the District.

## III.   PARTIES

4.   Plaintiff, Robin Fachini, is an adult natural person residing at 1292 Church Street, North Adams, MA 01247.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.   Defendant, Frederick J. Hanna & Associates at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Massachusetts and has a principal place of business located at 1427 Roswell Road, Marietta, GA 30062.

6.   Defendant, GC Services, LP ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of Massachusetts with a principal place of business located at 6330 Gulfton Street, Houston, TX 77081.

7.   Defendant FIA Card Services, Inc. ("FIA") is believed to be a Delaware Corporation, registered and authorized to conduct business within the State of Massachusetts  as a foreign for profit corporation; and is a financial institution which regularly extends consumer credit accounts with a principal place of business at 1000 Samoset Drive, Wilmington, DE 19713-2332.

8.   Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

9. Plaintiff is engaged in the services of the law firm of Persels & Associates, LLC to help aid her in his debt settlement negotiations.

10. Since approximately, July, 2010, Plaintiff has been receiving collection calls on a debt allegedly owed to Defendant, FIA Card Services from Defendant, GC Services, LP.

11. On or about July 27, 2010, Plaintiff informed Defendant, GC Services, LP, that she had retained the services of the law firm of Persels & Associates and asked that they should call them directly on this matter.

12. Plaintiff attempted to give Defendant, GC Services, LP, Persels telephone number.

13. Defendant, GC Service, LP, declined to take Persels number and said that they would never work with them.

14. Plaintiff continued to receive collection calls from Defenant, GC Services.

15. Defendant, GC Services, stated that the Plaintiff needed to find the money somehow and that she needed to pay her debt.

16. Plaintiff tried to explain to Defendant, GC Services, that if she had the money she certainly would pay them, but she just did not have it at this time.

17. Agent of the Defendant, GC Services, responded by scolding the Plaintiff and telling her that there was no reason for her to be a "bitch".

18. On or about September 8, 2010, Plaintiff's husband received a call to his place of employment from Defendant, GC Services regarding the debt owed to Defendant FIA Card Services.

19. Defendant, GC Services, stated that they were looking for the whereabouts of his wife.

20. Plaintiff's husband demanded that Defendant, GC Services, not call his work again.

21. Defendant, GC Services, called Plaintiff's husband at least three (3) more times at his place of employment regarding this debt.

22. Plaintiff went on to receive at least ten (10) more calls from Defendant, GC Services, demanding payment be made on this account.

23. During that same time in September, 2010, Plaintiff also started to receive collection call in regards to the same alleged debt owed to Defendant, FIA Card Services, from Defendant, Frederick J. Hanna & Associates.

24. Plaintiff also informed Defendant, Frederick J. Hanna, to also call and speak with Persels directly on this matter.

25. Defendant, Frederick J. Hanna's agent, "Mr. Roberts", told the Plaintiff that Persels was nothing but a bunch of liars who were just going to steel his money.

26. Agent, "Mr. Roberts", of Defendant, Frederick J. Hanna, went on to tell the Plaintiff that Persels was also nothing but a bunch of rip-offs.

27. Plaintiff tried to explain that she was receiving collection calls from Defendant, GC Services, and Defendant, Frederick J. Hanna, on the same account.

28. Plaintiff was told that she had no choice but to work with Defendant, Frederick J. Hanna, directly on paying back this account.

29. On or about September 21, 2010, Plaintiff's teenage daughter answered the phone and informed an agent of Defendant, Frederick J. Hanna, that her mother was not

home. The Agent replied by stating that she was a "fucking liar" and to tell her mother she needed to call them back about her debt.

30. It appears as though Defendant, FIA Card Services, sold this account to Defendant, GC Services, and then intentionally sold it again to Defendant, Frederick J. Hanna & Associates, in an unconscionable attempt to collect additional amounts on this account.

31. Plaintiff continues to receive calls on this debt from Defendant, GC Services and Defendant, Frederick J. Hanna despite both agencies being aware that the Plaintiff is represented by an attorney and that all direct contact should have stopped.

32. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

34. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| § 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| § 1692b(6): | Contact of Third Party: After knowing the consumer wants collector to cease communication |
| § 1692c(a)(1): | At any unusual time and place |
| § 1692c(a)(2): | After it knows the consumer to be represented by an attorney |
| § 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against GC Services, LP, Frederick J. Hanna & Associates and FIA Card Services, N.A. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  October 18, 2010          BY: */s/ Michael E. Swain*
Michael E. Swain, Esquire
BBO# 676513
181 Main Street
Blackstone, MA 01504
Attorney for Plaintiff